# United States Court of Appeals
### For The District of Columbia Circuit
_____

**No. 25-1005**                                                                 **September Term, 2024**

EPA-89FR105692

**Filed On: April 30, 2025** [2113659]

Center for Biological Diversity,

      Petitioner

      v.

Environmental Protection Agency and Lee
M. Zeldin, Administrator, United States
Environmental Protection Agency,

      Respondents

## O R D E R

      Upon consideration of respondents' motion to hold case in abeyance, the opposition thereto, and the April 10, 2025 notice of withdrawal of the motion to hold case in abeyance; and the joint motion to govern future proceedings, it is

      **ORDERED** that the motion to hold the case in abeyance be withdrawn. The Clerk is directed to note the docket accordingly. It is

      **ORDERED** that the following briefing schedule will apply in this case:

| | |
|---|---|
| Petitioner's Brief | July 8, 2025 |
| Respondents' Brief | September 29, 2025 |
| Petitioner's Reply Brief | October 29, 2025 |
| Deferred Appendix | November 7, 2025 |
| Final Briefs | November 17, 2025 |

      All issues and arguments must be raised by petitioner in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

      The court reminds the parties that

In cases involving direct review in this court of administrative actions, the brief of

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**
_____

**No. 25-1005**                                   **September Term, 2024**

the appellant or petitioner must set forth the basis for the claim of standing. . . . When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

See D.C. Cir. Rule 28(a)(7).

To enhance the clarity of their briefs, the parties are cautioned to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedures 42 (2021); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail could delay the processing of the brief. Additionally, parties are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover, or state that the case is being submitted without oral argument. See D.C. Cir. Rule 28(a)(8).

                                                **FOR THE COURT:**
                                                Clifton B. Cislak, Clerk

                            BY:    /s/
                                           Michael C. McGrail
                                           Deputy Clerk